**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marivette Sabrina Elias, | CIV 13-930-PHX-MHB |
| Plaintiff, | **ORDER** |
| vs. | |
| Carolyn W. Colvin, Acting Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court is Plaintiff Marivette Sabrina Elias' application for attorney fees under the Equal Access to Justice Act ("EAJA") (Doc. 33).  After reviewing the arguments of the parties, the Court now issues the following ruling.

Plaintiff filed an application for supplemental security income on March 12, 2009, alleging disability beginning June 1, 2008.  (Transcript of Administrative Record ("Tr.") at 19, 145-51.)  Her application was denied initially and on reconsideration.  (Tr. at 84-88, 93-96.)  On April 2, 2010, she requested a hearing before an Administrative Law Judge ("ALJ").  (Tr. at 97.)  A hearing was held on September 13, 2011, (Tr. at 33-80), and the ALJ issued a decision on September 16, 2011, finding that Plaintiff was not disabled (Tr. at 16-32).  The Appeals Council denied Plaintiff's request for review (Tr. at 1-6), making the ALJ's decision the final decision of the Commissioner.  Plaintiff then sought judicial review of the ALJ's decision pursuant to 42 U.S.C. § 405(g).

This Court, after reviewing the administrative record and the arguments of the parties, remanded this matter to the Commissioner for further proceedings.  (Doc. 31.)  Specifically,

1   the Court vacated the ALJ's decision concluding that the ALJ failed to provide a sufficient
2   basis to find that Plaintiff's allegations were not entirely credible.  The Court then remanded
3   this matter for further administrative proceedings because there were outstanding issues to
4   be resolved regarding Plaintiff's credibility.  (Doc. 31.)

5       A prevailing party in an action against the United States is entitled to an award of
6   attorney fees and costs under the EAJA, 28 U.S.C. § 2412(d)(1)(A), unless the government's
7   position was "substantially justified."  The government's position is substantially justified
8   "if a reasonable person could think it correct, that is, if it has a reasonable basis in law and
9   fact."  Pierce v. Underwood, 487 U.S. 552, 566 n.2 (1988).

10      It is undisputed that Plaintiff is the prevailing party.  Therefore, the issue before the
11  Court is whether Defendant's position in opposing Plaintiff's appeal was "substantially
12  justified."  Shafer v. Astrue, 518 F.3d 1067, 1071 (9th Cir. 2008).

13      Under the EAJA, "substantial justification" means that "'the government's position
14  must have a reasonable basis in law and fact.'"  Shafer, 518 F.3d at 1071 (quoting Corbin v.
15  Apfel, 149 F.3d 1051, 1052 (9th Cir. 1998)).  "Where ... the ALJ's decision was reversed on
16  the basis of procedural errors, the question is *not* whether [Defendant's] position as to the
17  merits of [Plaintiff's] disability claim was substantially justified.  Rather, the relevant
18  question is whether [Defendant's] decision to defend on appeal the procedural errors
19  committed by the ALJ was substantially justified."  Id. (emphasis in original) (citations
20  omitted).

21      The Court concludes that Defendant's decision to defend the ALJ's determination was
22  not substantially justified.  The ALJ failed to provide clear and convincing reasons to reject
23  Plaintiff's symptom testimony.  Every reason the ALJ gave for finding Plaintiff not credible
24  was invalid.  Specifically, the Court stated:

25      Initially, the Court finds that the ALJ failed to explain what "objective
        evidence of record" detracted from the severity of Plaintiff's symptoms.  As
26      the Court has already noted, the objective medical evidence set forth in the
        ALJ's decision is limited.  He discussed some of the medical evidence, but
27      failed to explain how the medical evidence supported a finding that Plaintiff
        was not credible.  Indeed, a general discussion of the medical evidence did not
28      explain how the medical evidence detracted from Plaintiff's credibility.  See

<u>Mashburn v. Astrue</u>, 2012 WL 359311, at *5 (D. Ariz. Feb. 3, 2012) (noting that although the ALJ discussed medical evidence as part of the credibility determination, the ALJ's discussion "does not explain how those findings undermine Plaintiff's symptom testimony").

Likewise unavailing is the ALJ's reliance on Plaintiff's activities of daily living used to discredit her testimony.  The ALJ fails to draw a connection between reported activities of daily living (listed in his opinion as "showering, dressing, housework, and caring for her young daughter" in its entirety) and the ability to sustain work.  This Circuit has made clear that the mere fact that a claimant engages in normal daily activities (like "dressing" and "showering") "does not in any way detract from her credibility as to her overall disability.  One does not need to be 'utterly incapacitated' in order to be disabled." <u>Vertigan v. Halter</u>, 260 F.3d 1044, 1050 (9th Cir. 2001) (quoting <u>Fair</u>, 885 F.2d at 603).  Thus, the Court finds no inconsistency between Plaintiff's reported activities and her symptom testimony.

In summary, the ALJ failed to provide a sufficient basis to find that Plaintiff's allegations were not entirely credible.  Accordingly, the ALJ has failed to support his decision to discredit Plaintiff's allegations with specific, clear and convincing reasons and, therefore, the Court finds error and will vacate the ALJ's decision on that basis.

(Doc. 31 at 10-11.)  The Court then stated, "[h]ere, there are identifiable issues to be resolved on remand.  Notwithstanding the deficiencies in the ALJ's decision regarding Plaintiff's subjective complaints, the ALJ did point to evidence in the record that would support a finding of non-disability.  Because there are outstanding issues to be resolved regarding Plaintiff's credibility, the Court will remand this matter for further administrative proceedings."  (Doc. 31 at 11.)  In light of the Court finding the ALJ's actions to be erroneous, the Court finds that the government's defense of the ALJ's procedural errors was not substantially justified.  <u>See</u> <u>Shafer</u>, 518 F.3d at 1072.

Plaintiff's counsel, Mark Caldwell, has filed two affidavits and an itemized statement of fees showing that he worked 39.8 hours on this case.  Having reviewed the affidavits and the statement of fees, and having considered the relevant fee award factors, <u>see</u> <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 429-30 & n.3 (1983), the Court finds that the amount of the requested fee award is reasonable.

\\\

\\\

1    Accordingly,

2        **IT IS ORDERED** that Plaintiff's Application for Attorney Fees (Doc. 33) is

3    **GRANTED**;

4        **IT IS FURTHER ORDERED** that Plaintiff is awarded $7,484.53 pursuant to the

5    Equal Access to Justice Act, 28 U.S.C. § 2412.'

6        DATED this 19th day of May, 2015.

7

8    _____

9                Michelle H. Burns
             United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28